**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
HENRY SHATKIN, on behalf of himself and  :   No. 07 Civ. 7928 (PAC)
all others similarly situated,  :
:
:
Plaintiff,  :
:
v.  :
:
THE BANK OF NEW YORK MELLON  :
CORPORATION and THE BANK OF NEW  :
YORK, N.A.,  :
:
Defendants.  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR APPOINTMENT OF INTERIM COUNSEL**

### I.   INTRODUCTION

Pursuant to Fed. R. Civ. P.23(g) ("Rule 23(g)") and the Court's inherent authority to manage this litigation, *see Manual for Complex Litigation* § 10.1 (4th ed. 2007) (the "Manual"), plaintiff Henry Shatkin respectfully moves for an order appointing the law firms of Lovell Stewart Halebian LLP and Gilbert Randolph, LLP as interim co-lead counsel for the proposed class.

Concurrently filed with this memorandum is the Declaration of Imtiaz A. Siddiqui in support of this motion ("Siddiqui Decl."), and a [Proposed] Order Appointing Interim Co-Lead Counsel ("Proposed Order").

Counsel hereby seeking appointment as interim co-lead counsel have been working collaboratively for many months researching and preparing this case, and are in full agreement that the putative class will be well served by their joint designation as lead counsel.[1] Such private ordering of class counsel is encouraged. *See Manual at* § 10.22 (2007); *Selection of Class Counsel*, 208 F.R.D. 340, 356 3rd Cir. Task Force Report (Jan. 15, 2002). This structure will provide for the efficient prosecution of this action, while providing for the substantive involvement of qualified and experienced class counsel. *See id*. at § 21.27. By ensuring that able, well-capitalized counsel with the demonstrated willingness and expertise to finance large-scale litigation will direct this litigation, plaintiff's proposed structure meets the requirements of Fed. R. Civ. P. 23(g). *See id. at* § 21.271.

## II.   BACKGROUND

On September 7, 2007, plaintiff Shatkin filed this action against The Bank of New York Mellon Corporation. On October 3, 2007, plaintiff filed an amended complaint (the "Complaint") against both The Bank of New York Mellon Corporation and The Bank of New York. The Complaint was filed by four law firms, all of which support the appointment of Lovell Stewart Halebian LLP ("Lovell Stewart") and Gilbert Randolph LLP ("Gilbert Randolph") as interim co-lead counsel.[2]

---

[1] At this time, we are aware of only one other pending lawsuit alleging similar claims, <u>McKinlay v. Bank of New York</u>, 07 CIV 8765 (S.D.N.Y.). However, on December 24, 2007, plaintiff McKinlay transferred her claims to Argo Partners, granting a blanket release of all claims as part of the agreement. A true and correct copy of this release is attached as Exhibit A to the Siddiqui Decl. In light of this assignment, we assume that plaintiff McKinlay intends to withdraw her action, but have not been so informed by her counsel.

[2] Lovell Stewart includes its Bellevue, Washington affiliate Lovell Mitchell & Barth, LLP.

### III.    ARGUMENT

A.   **Federal Rule 23(g) Provides For The Designation of Interim Class Counsel Who Will Best Represent The Interests Of The Proposed Class, Have Exemplary Qualifications And Experience As Well As Substantial Resources**

Fed.R.Civ.P. 23(g)(2)(A) authorizes the Court to "designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *See* Fed.R.Civ.P. 23(g); *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554-55 (S.D. Ohio 2005); *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005). "The appointment of lead counsel is recognized as a useful and helpful way to avoid duplication of effort and a means to streamline what could otherwise be inefficient and unruly proceedings." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. MDL 05-1720 (JG) (JO), 2006 U.S. Dist. LEXIS 45727, at *30 (E.D.N.Y. Feb. 24, 2006. Plaintiff proposes that Lovell Stewart and Gilbert Randolph be appointed interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g)(2)(A).

Here, the proposed structure capitalizes on the experience in successfully prosecuting nationwide class actions by Lovell Stewart, as well as Gilbert Randolph's considerable experience in prosecuting complex financial litigation matters, and both firms' demonstrated willingness to invest considerable resources on behalf of the putative class.

Fed.R.Civ.P. 23(g) provides that "[t]he court may designate interim counsel to act on behalf of the proposed class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). In selecting Interim Counsel, the Federal Rules of Civil Procedure direct the courts to consider, in part:

- [T]he work counsel has done in identifying or investigating potential claims in the action,
- counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and
- the resources counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(C)(i).

As set forth in detail below, the proposed interim co-lead counsel easily satisfy Rule 23(g) factors. Lovell Stewart and Gilbert Randolph are highly experienced in class actions and have the resources and commitment to prosecute this action to a successful conclusion. The proposed leadership structure capitalizes on the experience and resources of able law firms without duplication of activity or effort. *See Moore's Federal Practice* ¶ 23.121 (5th ed. 2007).

### 1. **The work counsel has done in identifying or investigating potential claims in the action**

At the direction of Plaintiff Shatkin, proposed counsel thoroughly researched the facts of the case and the applicable law and filed a highly detailed complaint on September 10, 2007. Plaintiff Shatkin filed an amended complaint on October 3, 2007. In researching the facts and law, counsel relied upon documents provided by the plaintiff, as well as documents obtained from numerous public sources.

The filing of a well-researched complaint is an important indicator of the attorneys' ability to provide adequate representation of the class. Fed.R.Civ.P. 23(g)(1)(A)(i). Plaintiff Shatkin and his counsel have plainly complied with this important threshold requirement.

### 2. **Proposed co-lead counsel are well able to prosecute, and are committed to prosecuting, this action to conclusion**

Both individually and collectively, lawyers at Lovell Stewart and Gilbert Randolph possess decades of class action experience and have obtained extraordinary results in large-scale class action and other cases (and currently are working together on a number of significant matters). The following summaries of the qualifications of proposed co-lead counsel are

reflected in more detail in the résumés of the firms, attached as Exhibits B & C to the accompanying Siddiqui Decl.

### a.    Lovell Stewart

Lovell Stewart has obtained, as lead counsel[3] or co-lead counsel,[4] the largest class action recoveries in the history of three separate federal statutes (at the time the recoveries were achieved). These settlements each provided claiming class members with a net recovery, after deducting for all attorneys' fees and costs, of 100 percent of their losses (exclusive of prejudgment interest).

Attorneys at Lovell Stewart have been praised for their efforts in various plaintiffs' actions over the last twenty-five years, including by the Honorable Milton H. Pollack, as follows:

> The *unprecedented* effort of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, skill and persistence. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved under trying circumstances in the face of virtually overwhelming resistance.

---

[3] *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) ("The recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act;" $134.6 million recovery provided each claiming class member with more than 100¢ on the dollar of each investor's losses on a purchase-sale differential basis.).

[4] *NASDAQ Market-Makers*, 187 F.R.D. at 471 (Lovell Stewart filed the first case and was appointed one of four co-lead counsel in these claims for price-fixing; according to plaintiffs' experts this settlement produced a pay-out to class members, after deducting all attorneys' fees and costs, that equaled their single (non-trebled) damages; "this all-cash [$1.027 billion] settlement achieved through 'four years of hard-fought litigation,' apparently is [at that time] the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws."); *Blatt v. Merrill Lynch Fenner & Smith, Inc.*, 94 Civ. 2348 (JAG) (D.N.J.) ($76.5 million recovery in 1997 on impermissible investment and related claims under the Investment Company Act, 15 U.S.C. Section 80a-1, *et seq.* constituted "by far the largest settlement" of class action claims under the Investment Company Act, *Securities Class Action Alert* letter dated August 17, 2000; additionally, this settlement provided a 100 percent recovery, exclusive of interest, on plaintiffs' purchase-sale differential losses).

*In re Sumitomo Copper Litig.*, 74 F. Supp. 2d at 396.

Lovell Stewart has specialized in prosecuting difficult or novel claims involving complex financial frauds. For example, Lovell Stewart was appointed chairman of co-lead counsel in the IPO Antitrust Litigation, *Billing v. Credit Suisse First Boston Ltd., et al.*, No. 01 Civ. 2014 (WHP) (S.D.N.Y.), 287 F. Supp. 2d 497, *vacated and remanded*, 426 F.3d 130 (2d Cir. 2005); *reversed by Credit Suisse First Boston Ltd. v. Billing,* 127 S. Ct. 2383, 168 L. Ed. 2d 145 (2007).

Attorneys from Lovell Stewart have also served as lead counsel, co-lead counsel or executive committee or interim class counsel in numerous other class actions.[5] If this firm is appointed to a leadership position, Christopher Lovell, who has been prosecuting or defending complex fraud and other financial actions in this District for approximately 30 years, will personally represent plaintiff at court conferences, if appropriate. Additionally, Gary Jacobson, who has been prosecuting or defending complex financial actions for 25 years in this District, and Karl Barth, who is also a licensed Certified Public Accountant and has been representing clients in complex financial fraud litigation for 14 years, will also be available to personally represent plaintiff herein and supervise the efforts of this firm and others.

        b.      **Gilbert Randolph**

Gilbert Randolph LLP has a national reputation for effectively advising and representing plaintiffs in complex commercial disputes. A current résumé of the firm is attached as Exhibit C to the Siddiqui Decl. Based in Washington, D.C., with another office in Austin, Texas, the firm

---

[5] *See, e.g., Dennison v. BP Prod. N. Am., Inc.*, No. 06 C 3541 (N.D. Ill.) (Lovell Stewart was appointed chairman of co-lead counsel on behalf of indirect purchaser plaintiffs alleging manipulation and price-fixing in violation of antitrust and consumer protection laws.); *In re Microsoft Corp. Antitrust Litig.*, MDL No. 1332 (D. Md.) (Lovell Stewart was appointed co-lead in this extremely complex antitrust litigation which resulted in a partial settlement of the federal claims and many partial settlements of the state antitrust claims.). See also, Lovell Stewart Firm Résumé, Ex. B to Siddiqui Decl.

represents corporate and individual clients from around the United States and the world. Gilbert Randolph has for many years received high ranks from Chambers Partners, one of the world's most prominent evaluators of commercial law firms. The firm's lawyers have recovered billions of dollars for their clients through litigation and settlement. For instance, Gilbert Randolph recently successfully obtained a $449 million settlement with Travelers on behalf of a bankruptcy debtor for the ultimate benefit of tens of thousands of claimants (pending final court approval).

Gilbert Randolph's practice focuses primarily on complex commercial litigation, multi-party insurance coverage disputes, bankruptcies, and class actions. The firm was founded seven years ago, and has been actively engaged in class action litigation for plaintiffs for at least two years. The firm has represented a defendant class of individuals sued by an insurance company for almost seven years, and a number of Gilbert Randolph lawyers have substantial experience as both plaintiff and defense counsel with respect to securities, antitrust, employment, housing, consumer, and other class claims.

Currently, Gilbert Randolph:

- serves as lead counsel in New York state court to a class of more than 12,000 individuals in a cutting-edge insurance coverage dispute that, after a full trial on the merits, resulted in a landmark decision Gilbert Randolph won in favor of the class seeking insurance coverage; Gilbert Randolph continues to serve as lead counsel for the class as respondents in connection with the insurers' appeals.

- represents several statewide classes of individuals in over a dozen cases pending in four states involving claims against title insurers for overcharging consumers for title insurance premiums.

- serves on the plaintiffs' steering committee in an action brought by timeshare owners against one of the largest timeshare exchange companies in the world for violations of the New Jersey consumer protection statute.

- serves as insurance counsel to several lead plaintiffs in major securities class actions and other financial litigation.

The attached firm resume details more information about the Gilbert Randolph attorneys that will play significant roles in the instant litigation.

### 3. **Proposed counsel has extensive knowledge of the applicable law**

Proposed co-lead counsel has extensive experience in the law related to both the prosecutions of class action lawsuits and the substantive law of the underlying claims. As described above and in more detail in the firm résumés, Lovell Stewart and Gilbert Randolph attorneys have been appointed lead or co-lead class or derivative counsel in more than forty-five cases, giving them an extensive knowledge of the law and procedure related to class action litigation.

Proposed co-lead counsel also has significant experience with the substantive law of the underlying claims for negligence, conversion and breach of fiduciary duty. Both firms have prosecuted numerous cases of financial misconduct, as described in more detail in the firm résumés. *See also In re Templeton Vietnam Securities Litigation*, No. 98-6059 (U.S.D.C. S.D. Fla.) (alleging breach of fiduciary duty and negligence); *Nelson, et al v. American Strategic*, et al, No. 95-987 (U.S.D.C. W.D. Wa.)(same).

### 4. **The resources counsel will commit to representing the class**

Finally, proposed co-lead counsel has the ability and is committed to provide the financial resources needed to prosecute this class action. Lovell Stewart (18 attorneys) and Gilbert Randolph (30 attorneys) have a combined total of nearly fifty attorneys, and a large number of paralegals and support staff. Seven attorneys have been assigned to this action to date, and more could be added if necessary to protect the interests of the Class.

Proposed co-lead counsel also has demonstrated substantial financial resources and its ability and willingness to finance, as lead, co-lead counsel or a member of the Executive Committee, some of the largest, most complex and expensive class action cases throughout the country, including the *NASDAQ Market-Makers Antitrust*, *In re Sumitomo Copper Litigation*, *Microsoft Antitrust* Litigation, and the *Initial Public Offering Antitrust Litigation*. These cases were large, complex and expensive to prosecute – in all probability more expensive than the current case will prove to be, but proposed co-lead counsel committed significant financial resources to ensure the highest possible level of prosecution of the cases.[6]

---

[6] For example, Lovell Stewart has (so far) advanced more than $3,200,000 in costs in the IPO cases. Lovell Stewart is financially in a position and prepared to do so here as well.

## IV.  CONCLUSION

With the input and resources of highly experienced and well-regarded counsel, class members can be assured of top quality representation with the resources necessary to fund large-scale litigation against defendants who have engaged prominent defense counsel.

For the foregoing reasons, the plaintiff respectfully requests that the motion be granted and that the Court appoint Lovell Stewart Halebian LLP and Gilbert Randolph, LLP as Interim Co-Lead Counsel for the Class.

DATED:  February 15, 2008

Respectfully submitted,

**LOVELL STEWART HALEBIAN LLP**
CHRISTOPHER LOVELL (CL 2595)
GARY S. JACOBSON (GJ 2481)
IMTIAZ A. SIDDIQUI (IS 4090)


/s/Christopher Lovell
CHRISTOPHER LOVELL
500 Fifth Avenue, Suite 5800
New York, New York  10110
Telephone:  212-608-1900
Facsimile:  212-719-4677

-- and --

Karl P. Barth
**LOVELL MITCHELL & BARTH, LLP**
11542 NE 21st St.
Bellevue, WA 98004
Telephone:  425-452-9800
Facsimile:   425-452-9801

David B. Killalea
Stephen A. Weisbrod
**GILBERT RANDOLPH LLP**
1100 New York Avenue, NW
Suite 700
Washington, DC  20005
Telephone:  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
Facsimile:  202-772-3333

Proposed Co-Lead Counsel

Paul M. Weiss
**FREED & WEISS, LLP**
111 West Washington
Suite 1331
Chicago, IL 60602
(312) 220-0000

Terrence F. Durkin
**THE LAW OFFICES OF
   TERRENCE F. DURKIN**
414 Orleans Plaza
Suite 312
Chicago, IL 60610
(312) 813-7366

Counsel for Plaintiff