# Exhibit H

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, INC, | ) | Case No. 07-14987 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |
| | ) | |

### STIPULATION AND ORDER CONCERNING TURNOVER OF PROPERTY

This Stipulation and Order (this "Order") is entered into by and between Frederick J. Grede, not individually but solely as chapter 11 trustee (the "Trustee") for the chapter 11 bankruptcy estate of Sentinel Management Group, Inc. (the "Debtor"), and The Bank of New York ("BNY").

WHEREAS, on August 17, 2007 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"); and

WHEREAS, on August 20, 2007, this Court entered an Order Approving Turnover and Distribution of Certain Third Party Assets by BNY (the "August 20 Order") which provided for $15,600,000 to be held by BNY (the "Holdback") pending further order of the Court; and

WHEREAS, on August 21, 2007, ~~pursuant to~~ based upon the August 20 Order, BNY wire transferred $297,050,808.26 from the Seg 1 Cash account to the Distributees (as defined in the August 20 Order); and

WHEREAS, on August 28, 2007 the United States Trustee for Region 11 appointed Frederick J. Grede to act as chapter 11 Trustee for the Debtor; and

17471476

WHEREAS, on and after the Petition Date, BNY has held, for the account of the Debtor, cash and securities in the following segregated accounts (the "Segregated Accounts") maintained at BNY:

| Account Name | Account Number |
|---|---|
| Seg 1 Cash | 8900325410 |
| Seg 2 Cash | 8900325429 |
| Seg 3 Cash | 8900325437 |
| DTC - Seg 1 Securities Account | 26831-4 |
| DTC - Seg 2 Securities Account | 26832-4 |
| DTC - Seg 3 Securities Account | 26833-4 |
| GSCX - Seg 1 Securities Account | S1G |
| GSCX - Seg 2 Securities Account | S2G |
| GSCX - Seg 3 Securities Account | S3G |

and;

WHEREAS, as of October 1, 2007, the Segregated Accounts held the following cash and securities (together, the "Segregated Property"):

| Account Name | Summary of Cash or Securities |
|---|---|
| Seg 1 Cash | $20,543,333.31 |
| Seg 2 Cash | $145,238.87 |
| Seg 3 Cash | $1,666,920.00 |
| DTC - Seg 1 Securities Account | See Schedule A |
| DTC - Seg 2 Securities Account | None |
| DTC - Seg 3 Securities Account | See Schedule B |
| GSCX - Seg 1 Securities Account | None |
| GSCX - Seg 2 Securities Account | See Schedule C |
| GSCX - Seg 3 Securities Account | See Schedule D |

and;

17471476

WHEREAS, BNY has acknowledged that, pursuant to that certain Securities Clearing Agreement between the Debtor and BNY, dated October 21, 1997 and that certain Global Clearing and Custody Agreement between the Debtor and BNY, dated January 9, 2003, it has no claim against or security interest in the Segregated Property held in the Segregated Accounts; and

WHEREAS, the Trustee has requested that BNY turn over all Segregated Property to the Trustee, to be deposited in mirror accounts established in the Trustee's name at JPMorgan Chase & Co. ("JPMorgan"), without prejudice to any liens, rights, encumbrances and other asserted interests in the Segregated Property, such liens, rights, encumbrances and other asserted interests (other than any interests of BNY) to attach to the Segregated Property in the Trustee Segregated Accounts (defined below); and

WHEREAS, BNY has agreed to turnover the Segregated Property, as requested by the Trustee.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED** as follows.

1. BNY shall, on the first business day following the entry by the Court of this Stipulation and Order or as soon therafter as is practicable (the "Transfer Date"), turn over all Segregated Property held in Segregated Accounts to the Trustee as set forth below, without prejudice to any liens, rights, encumbrances and other asserted interests in the Segregated Property, such liens, rights, encumbrances and other asserted interests (other than any interests of BNY) to attach to the Segregated Property in the Trustee Segregated Accounts (defined below).

2. BNY shall, on the Transfer Date, wire transfer the cash in accounts: (i) 8900325410, (ii) 8900325429, and (iii) 8900325437 to account(s) opened by the Trustee at

JPMorgan, such account information to be supplied by the Trustee to BNY (the "Trustee Segregated Cash Accounts").

3. BNY shall, on the Transfer Date, transfer the securities in accounts: (i) 26831-4, (ii) 26833-4, (iii) S2G and (iv) S3G to the account(s) opened by the Trustee at JPMorgan, such account information to be supplied by the Trustee to BNY (the "Trustee Segregated Securities Account", together with the Trustee Segregated Cash Accounts, the "Trustee Segregated Accounts").

4. BNY shall, on any business day subsequent to the Transfer Date, transfer any cash received on account of Segregated Property which was previously held in the Segregated Accounts to the Trustee Segregated Cash Accounts, as soon as practicable after receipt thereof.

5. BNY's transfer of cash and securities shall be made without recourse, representation or warranty. Upon the transfer of the Holdback, the Segregated Accounts and the Segregated Property to the Trustee as set forth herein, BNY is discharged from any and all future duties and obligations, if any, solely in connection with the Segregated Accounts and Segregated Property transferred to the Trustee. The foregoing is not a release of any claims or causes of action that the Trustee or the Debtor's estate may hold against BNY for any actions taken in connection with such Segregated Accounts and Segregated Property arising prior to the Transfer Date. BNY reserves all defenses, affirmative defenses and counterclaims with respect to any such claims or causes of action and further reserves all rights and remedies with respect thereto.

6. The use of the terms "Segregated Property" and "Segregated Accounts" is without prejudice to the rights of any person regarding the ultimate determination of ownership of the funds or property in such accounts.

7. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO STIPULATED AND AGREED:**

Date: October ___, 2007

_____
Frederick J. Grede, not individually but as chapter 11 trustee for Sentinel Management Group, Inc.

Date: October ___, 2007

The Bank of New York

By: _____
Name:
Title:

SO ORDERED this 18th day of October, 2007:

_____
UNITED STATES BANKRUPTCY JUDGE

7. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**SO STIPULATED AND AGREED:**

Date: October ____, 2007

_____
Frederick J. Grede, not individually but as
chapter 11 trustee for Sentinel Management
Group, Inc.

Date: October 16, 2007

The Bank of New York

By: _____
Name: Robert E. Bailey
Title: Managing Counsel

SO ORDERED this _____ day of October, 2007:

_____
UNITED STATES BANKRUPTCY JUDGE

17471476

5

## Stipulation and Order Concerning Turnover of Property
## Schedule A
## DTC - Seg 1 Securities Account

| CUSIP | Description | Par Value |
|---|---|---|
| 38143UBD2 | Goldman Sachs GP | 5,000,000 |
| 5363A6BT8 | Liquid FDG LTD Medium Term NT | 5,000,000 |
| 61745ESS1 | Morgan Stanley Dean Witter | 1,000,000 |
| 742651CZ3 | Private Export FDG Corp | 2,000,000 |
| 931142BZ5 | Wal Mart Stores Inc | 2,000,000 |

## Stipulation and Order Concerning Turnover of Property
## Schedule B
## DTC - Seg 3 Securities Account

| CUSIP | Description | Par Value |
|---|---|---:|
| 00182GAA2 | ANZ Natl Intl Ltd London BRH | 900,000 |
| 05566HAL1 | BNP Paribas | 500,000 |
| 07324NAC7 | Bayview Coml Asset TR 2006-3 | 2,000,000 |
| 125093BL7 | CDO Repackaging Secs TR | 5,000,000 |
| 16705EDJ9 | Cheyne Fin LLC Medium Term NT | 5,000,000 |
| 2027AOAC3 | Commonwealth BK Australia | 5,000,000 |
| 225308BL8 | Credit & Repackaged Secs Ltd | 5,000,000 |
| 28251TAC7 | 801 Grand CDO SPC / 801 Grand | 5,000,000 |
| 37930JAD7 | Glitnir Banki HF | 7,000,000 |
| 52517PG47 | Lehman Bros Hldgs Inc Medium | 5,000,000 |
| 61748KBF0 | Morgan Stanley Aces SPC | 5,000,000 |
| 61748KBS2 | Morgan Stanley Aces SPC | 5,000,000 |
| 61748KDL5 | Morgan Stanley Aces SPC | 5,000,000 |
| 74042HAB3 | Preferred Term Secs XIX Ltd | 500,000 |
| 74977EPK3 | Rabobank Nederland Medium Ter 12.000% | 5,000,000 |
| 87330UAK7 | Taberna Pfd Fdg II Ltd | 7,290,000 |
| 87330WAJ6 | Taberna Pfd Fdg III Ltd | 1,000,000 |
| 87331AAJ3 | Taberna Pfd Fdg VI Ltd | 5,000,000 |
| 87331VAL2 | Taberna Pfd Fdg VIII Ltd | 5,000,000 |
| 88102HAA2 | Terra 2007-1 Ltd | 10,000,000 |

## Stipulation and Order Concerning Turnover of Property
## Schedule C
## GSCX - Seg 2 Securities Account

| CUSIP | Description | Par Value |
|---|---|---|
| 3133XDP21 | FHFR AGEN | 500,000 |

## Stipulation and Order Concerning Turnover of Property
### Schedule D
### GSCX - Seg 3 Securities Account

| CUSIP | Description | Par Value |
|---|---|---|
| 31359MUB7 | FNFR AGEN | 1,116,000 |