# Exhibit K

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| SENTINEL MANAGEMENT GROUP, | ) |
| INC., | ) Case No. 07-14987 |
| | ) |
| Debtor. | ) Hon. John H. Squires |
| | ) |

### NOTICE OF MOTION

      PLEASE TAKE NOTICE that on Tuesday, October 9, 2007 at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires at the courtroom usually occupied by him at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in his place and stead, and present the attached **Motion for Entry of an Order Extending the Period Within Which Trustee May Remove Actions,** at which time and place you may appear if you so desire.

Chicago, IL
October 5, 2007

Respectfully submitted,

FREDERICK J. GREDE, not individually, but solely as Chapter 7 Trustee for the bankruptcy estate of Sentinel Mangement Group, Inc.

By: _____/s/ *Vincent E. Lazar*_____
            Vincent E. Lazar

Catherine Steege (ARDC No. 6183529)
Vincent E. Lazar (ARDC No. 6204916)
Christine L. Childers (ARDC No. 6277245)
JENNER & BLOCK, LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Telephone: 312-222-9350
Facsimile: 312-527-0484

1583949.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, INC., | ) | Case No. 07 B 14987 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

**MOTION FOR ENTRY OF AN ORDER EXTENDING
THE PERIOD WITHIN WHICH TRUSTEE MAY REMOVE ACTIONS**

Frederick J. Grede, the chapter 11 trustee (the "Trustee") for the estate of Sentinel Management Group, Inc. (the "Debtor"), by and through his undersigned counsel, hereby moves (this "Motion") this Court for entry of an order pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure extending the period of time within which actions may be removed. In support of this Motion, the Trustee respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are section 1452 of title 28 of the United States Code ("Section 1452") and Rules 9027 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On August 17, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On August 28, 2007, the Trustee was appointed as the chapter 11 trustee of the Debtor by the United States Trustee. He has accepted his appointment, and is acting, duly qualified, as Trustee of the Debtor.

5. On September 6, 2007, the United States Trustee appointed the Official Committee of Unsecured Creditors of the Debtor (the "Committee").

6. As of the Petition Date, the Debtor was a party to several judicial proceedings in which various claims against the Debtor were asserted in different courts (collectively, the "Pre-Petition Actions").

7. After the Petition Date, certain parties filed lawsuits against third parties which arise under title 11, or arise in or relate to the Debtor's case, and may affect property in the estate or distributions to creditors, including *Shatkin v. Bloom, et al.*, Case No. 07-cv-05076 (U.S.D.C. N.D. Ill.), filed on September 10, 2007, and *Shatkin v. The Bank of New York Mellom Corporation, et al.*, Case No. 07-7928 (U.S.D.C. S.D.N.Y.), filed on September 10, 2007 (collectively, the "Post-Petition Actions" and together with the Pre-Petition Actions, the "Actions").

8. Pursuant to Bankruptcy Rule 9027(a)(2)(A), the Trustee has until November 15, 2007, to file notices of removal of the Pre-Petition Actions.

9. Pursuant to Bankruptcy Rule 9027(a)(3)(A), the Trustee has thirty (30) days from the date of the Trustee's receipt of the initial pleading to file notices of removal of the Post-Petition Actions.

## Relief Requested

10. By this Motion, the Trustee requests entry of an order, pursuant to Bankruptcy Rule 9006(b), extending through and including December 31, 2007, the time within which he may file notices of removal with respect to the Actions.

11. The Trustee requests that the December 31, 2007 deadline to file removal of actions apply to all matters specified in Bankruptcy Rule 9027.

12. This Motion is without prejudice to the Trustee's right to seek any further extensions of the removal deadline.

## Basis for Relief Requested

A. Applicable Authority

13. Bankruptcy Rule 9027 and Section 1452 govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than that proceeding before the U.S. Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

3

14. Bankruptcy Rule 9027(a)(2) further provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15. Bankruptcy Rule 9027(a)(3) further provides, in relevant part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16. Bankruptcy Rule 9006(b) provides that the court may extend time periods, such as the Trustee's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

17. It is well settled that this Court is authorized to expand the removal period as requested herein. See Wesco Prods. Co. v. Ramirez (In re Wesco Prods. Co.), 19 B.R. 908,

4

910 (Bankr. N.D. Ill. 1982) (indicating that the thirty-day time limit for removal "is subject to enlargement in the court's discretion"); In re World Fin. Servs. Ctr., Inc., 81 B.R. 33, 39 (Bankr. S.D. Ca. 1987) (stating that "the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing period of Bankr. R. 9027(a)(2) beyond the thirty day period, pursuant to Bankr. R. 9006(b)(1)"); Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.), 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (implying that timely filing a motion for enlargement of time period for removal is often granted); Stamm v. Rapco Foam, Inc., 21 B.R. 715, 718 (Bankr. W.D. Pa. 1982) (determining that a court may enlarge the time limit for the filing of an application for removal under appropriate circumstances).

B.  The Trustee Requires Additional Time in Order to Determine Which of the Actions, If Any, He Will Seek to Remove

18.  The Trustee believes that it is appropriate to seek an extension to protect his right to remove the Actions. The extension sought will afford the Trustee an additional opportunity to make fully-informed decisions concerning removal of each of the Actions and will assure that the Trustee does not forfeit valuable rights under Section 1452.

19.  Further, the rights of the parties to the Actions will not be prejudiced by such an extension. Each of the Pre-Petition Actions likely is stayed by operation of Section 362(a) of the Bankruptcy Code, and the Post-Petition Actions were only recently filed. Additionally, any party to an Action that eventually is removed (if any) may seek to have it remanded to the original court pursuant to 28 U.S.C. §1452(b).

20.  Since his appointment, the Trustee has concentrated on resolving several pressing issues in this chapter 11 case and does not have adequate information regarding the

Actions to determine whether they should be removed. Thus, an extension is in the best interest of the Debtor's estate and its creditors as it will provide the Trustee an opportunity to make fully-informed decisions concerning the removal of any Actions. Accordingly, the Trustee believes that it is prudent to seek an extension to protect his ability to remove any Actions.

### Notice

21.     Notice of this Motion has been given to the Debtor, the United States Trustee, the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Committee, all entities that have requested notice in this chapter 11 proceeding, and each of the non-debtor parties to the Actions. The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form filed concurrently herewith granting this Motion, and granting such other and further relief as this Court deems just and proper.

Dated: Chicago, Illinois
       October 5, 2007

Respectfully submitted,

**FREDERICK J. GREDE, not individually, but solely as chapter 11 trustee for the estate of SENTINEL MANAGEMENT GROUP, INC.**

By: _____/s/ Vincent E. Lazar_____
          One of His Attorneys

Catherine Steege (ARDC No. 6183529)
Vincent E. Lazar (ARDC No. 6204916)
Christine L. Childers (ARDC No. 6277245)
JENNER & BLOCK, LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: 312-222-9350
Facsimile: 312-527-0484
*Counsel for the Chapter 11 Trustee*