# Exhibit A

07-14987:309.1:Motion to Approve:Proposed Stipulation and Order Authorizing Sale of Securities Entered: 12/10/2007 4:24:50 PM by:Vincent Lazar Page 1 of 10

Case 1:07-cv-07928-PAC   Document 21-2   Filed 03/31/2008   Page 2 of 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SENTINEL MANAGEMENT GROUP, INC., | ) | Case No. 07 B 14987 |
| | ) | |
| Debtor. | ) | Hon. John H. Squires |

**STIPULATION AND ORDER AUTHORIZING SALE OF SECURITIES**

This Stipulation and Order is entered into by and among Frederick J. Grede, the chapter 11 trustee (the "Trustee") for the estate of Sentinel Management Group, Inc. (the "Debtor"), the Official Committee of Unsecured Creditors of Sentinel Management Group, Inc. (the "Committee") and The Bank of New York ("BNY").

WHEREAS, on August 17, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"); and

WHEREAS, on August 28, 2007, the Trustee was appointed as the chapter 11 trustee of the Debtor by the United States Trustee. He has accepted his appointment, and is acting, duly qualified, as Trustee of the Debtor; and

WHEREAS, on September 6, 2007, the United States Trustee appointed the Committee; and

WHEREAS, prior to the Petition Date, BNY made loans, extensions of credit and other financial accommodations to the Debtor (the "BNY Loans"), that BNY asserts were made pursuant to certain loan documents (the "BNY Loan Documents"); and

WHEREAS, BNY asserts that pursuant to the BNY Loan Documents, the Debtor (i) appointed BNY as clearing agent for all securities and cash at any time delivered to BNY during the term of the agreement, and (ii) pledged and granted to BNY a continuing lien and security interest in all personal property and fixtures of the Debtor, including without limitation, any and all securities and other property held in the accounts maintained by the Debtor at BNY and any cash balances held in any cash account maintained by the Debtor at BNY, other than the Segregated Property (as defined below), in connection therewith and any other property in the possession or control of BNY (the "BNY Collateral"); and

WHEREAS, the Trustee is investigating the basis, validity and extent of BNY's asserted liens and interests in the BNY Collateral; and

WHEREAS, on October 18, 2007, the Bankruptcy Court entered the Stipulation and Order Concerning Turnover of Property (Docket No. 265) (the "Turnover Order"), pursuant to which BNY agreed to turn over certain cash and securities held by BNY in accounts segregated for the benefit of customers, or the proceeds thereof, in which BNY did not assert any claim or lien, to the Trustee (the "Segregated Property"); and

WHEREAS, pursuant to the Turnover Order, BNY has transferred the Segregated Property to restricted accounts (the "JPM Accounts") opened by the Trustee at JPMorgan Chase Bank, N.A. ("JPMorgan"); and

WHEREAS, securities that the Trustee estimates (based on the Debtor's books and records) to have a cost basis of approximately $678 million[1] continue to be held in accounts at BNY (the "BNY Accounts") in which BNY asserts a continuing lien and security interest to

---

[1] The cost basis of the securities denominated in Euro currency is based on an exchange rate of 1.3788 US Dollars per 1 Euro.

2

secure the BNY Loans. The securities held at BNY (the "BNY Securities") are held in the following accounts:

| Account Name | Account Number |
|---|---|
| DTC Securities | 26830-4 |
| U.S. Government Securities | SLM-SEN |
| Euroclear Securities | 521010 |
| Physical Securities | 329079 |

;and

WHEREAS, the account agreement between JPMorgan and the Trustee only allows the securities to be withdrawn from the JPM Accounts pursuant to an express order of the Bankruptcy Court; and

WHEREAS, securities that the Trustee estimates (based on the Debtor's books and records) to have a cost basis of approximately $105 million are held in the JPM Accounts. The securities held at JPMorgan (the "JPM Securities") are held in the following accounts:

| Account Name | Account Number |
|---|---|
| DTC-Seg 1 account | E-20875 |
| DTC-Seg 3 account | E-20876 |
| GSCX Seg-2 account | E-20877 |
| GSCX Seg-3 account | E-20878 |

; and

WHEREAS, the Trustee holds a bond ($10 million cost basis) at Duncan Williams (the "DW Security"), one of the Debtor's repurchase agreement counterparties, which

3

the Trustee currently is in the process of transferring to an account maintained by the Trustee at JPMorgan; and

WHEREAS, the Trustee, the Committee and BNY concur that it is in the best interests of all parties that the BNY Securities, the JPM Securities and the DW Security (collectively, the "Securities") be liquidated in an orderly manner as soon as practicable, to fix the value of the estate and avoid potential market turbulence, consistent with good market practice, so as to convert the portfolio of Securities to cash, but only on the terms and conditions set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED** as follows:

1. The Trustee is authorized, pursuant to sections 105(a) and 363(b), (f) and (m) of the Bankruptcy Code, to sell the Securities, from time to time, using his business judgment, consistent with the following general procedures (the "Sale Process"):

   a. On a Security-by-Security basis, the Trustee shall stratify the portfolio by type of Security and relative marketability;

   b. The Trustee shall determine the amount and number of Securities to be marketed at any given time based on historical trading volume levels, nature of the underlying Securities, and current market conditions;

   c. For each discrete group of Securities, the Trustee shall identify a select number of dealers through whom to liquidate each Security;

   d. The Trustee shall solicit market clearing bids from selected dealers and shall establish a timeframe under which all bids must be delivered;

    e. The Trustee shall select the dealer with the highest market clearing price for final execution on a Security-by-Security basis; and

    f. The sale of each Security shall be made on delivery against payment in cash. For the avoidance of doubt, BNY or JPM (as the case may be) will execute the trade and/or deliver the Security to such buyer on cash settlement terms.

  2. No sale shall be made to any insider or affiliate of the Debtor, as "insider" is defined in section 101(31) of the Bankruptcy Code.

  3. The Trustee, in exercising his business judgment, may determine not to sell, but instead to hold until maturity, certain of the Securities.

  4. The Trustee shall consult with the Committee and BNY during the Sale Process, and shall provide the Committee and BNY with notice of (a) any sales of Securities in a form to be agreed upon by the parties, and (b) any Securities which the Trustee determines not to sell and instead to hold until maturity.

  5. This Stipulation and Order shall constitute an express order to allow the Trustee to withdraw JPM Securities from the JPM Accounts in connection with the Sale Process.

  6. The proceeds of each sale of JPM Securities from the JPM Accounts shall be deposited into one or more accounts at JPMorgan (the "<u>JPM Proceeds Accounts</u>"), will be invested pursuant to section 345 of the Bankruptcy Code, and will not be transferred or withdrawn without further order of this Court.

  7. The proceeds of each sale of BNY Securities from the BNY Accounts shall be deposited in the following accounts at BNY: (i) 8900327979, (ii) 5210108400, and (iii) 5210109780 (the "<u>BNY Proceeds Accounts</u>" and, together with the JPM Proceeds Accounts, the "<u>Proceeds Accounts</u>"), and BNY's rights and interests in the BNY Securities, if any, shall attach

to the proceeds deposited in the BNY Proceeds Accounts as described in paragraph 9 below, and the cash in the BNY Proceeds Accounts will not be transferred or withdrawn without further order of this Court, subject, however, to BNY's rights, if any, under sections 362(b)(6) and 362(d) of the Bankruptcy Code, and any party in interest's right to contest such rights.

8. Upon conclusion of the Sale Process, the Trustee shall prepare and file with the Bankruptcy Court an aggregate sale report, listing for each Security sold, by CUSIP number: (a) cost basis; (b) sale price; (c) accrued interest; (d) date of sale; and (e) in which account each Security was held prior to sale.

9. Pursuant to Bankruptcy Code sections 105(a) and 363(f), the Securities that are transferred and sold pursuant to this Stipulation and Order shall be transferred and sold free and clear of any claim and any interest, mortgage, pledge, security interest, encumbrance, lien or charge of any kind (each an "Interest", and collectively, "Interests"), if any, of the Debtor, BNY, any customer of the Debtor, and any other person or entity in the Securities, provided that (a) all such Interests in the Securities, including, without limitation, the Interests of BNY or any customer of the Debtor, shall be retained and preserved pending delivery thereof to the purchaser, and (b) all such Interests shall immediately attach to the sale proceeds, in the order of their priority, with the same validity, force and effect which they had as of the Petition Date and which they now have against the Securities, subject to any rights, claims and defenses that exist with respect thereto.

10. Each sale of any Security in accordance with this Stipulation and Order shall be deemed to be an arm's-length transaction entitled to the protections of section 363(m) of the Bankruptcy Code.

11. Neither this Stipulation and Order nor any sale of Securities in accordance with this Stipulation and Order shall affect or be construed to affect or impact any rights, claims or interests of the estate, the Trustee, BNY, any customer of the Debtor, or any other person or entity in the Securities or the proceeds derived from the sale thereof, and all of the parties' rights, defenses, affirmative defenses and counterclaims are reserved with respect to any such claims and assertions; <u>provided, however,</u> (a) nothing contained in this Stipulation and Order is or shall be deemed to be a consent by BNY to have any of the costs and expenses of the sale of the Securities or any fees and expenses due to any party relating to the sale of the Securities charged against BNY or its asserted collateral pursuant to section 506(c) or any other section of the Bankruptcy Code and BNY reserves its rights to object to any motion brought by the Trustee or any other party pursuant to section 506(c) or any other section of the Bankruptcy Code which seeks to charge BNY or any of its asserted collateral for any costs, fees and expenses, and (b) the Trustee hereby waives any right or claim which he has or may have under section 506(c) or any other section of the Bankruptcy Code to seek to charge BNY or any of its asserted collateral for any costs, fees and expenses of, or in connection with, Macquarie Securities (USA), Inc. or any affiliate thereof ("<u>Macquarie</u>").

12. The Trustee is authorized to perform all of his obligations, take whatever actions are reasonably necessary, and issue, execute, and deliver whatever documents and issue any instruction which may be reasonably necessary or appropriate to implement and effectuate any dispositions of any Securities sold pursuant to this Stipulation and Order or designate individuals at Macquarie to do the same, including, but not limited to, payment of any normal, customary and reasonable execution costs and fees as administrative expenses. Any additional fees charged by any party shall require a further order of the Bankruptcy Court.

7

13. This Stipulation and Order is and shall act as a determination that all Interests in the Securities, if any, shall be and hereby are released upon the sale of any Securities sold pursuant to this Stipulation and Order without further action by any person or entity, subject to (a) the attachment of all Interests in the proceeds of the sale of the Securities pursuant to paragraph 9 hereof, and (b) paragraph 14 below.

14. Upon each liquidation of the BNY Securities as described in this Stipulation and Order, BNY shall be discharged from any and all future duties and obligations, if any, solely in connection with such Securities, but not in connection with the proceeds of the sale of any Securities deposited in the BNY Proceeds Accounts.

15. This Court retains jurisdiction to interpret, implement and enforce the provisions of this Stipulation and Order.

16. Notwithstanding the provisions of Bankruptcy Rule 6004, the effectiveness of this Stipulation and Order shall not be stayed for ten days after the entry hereof, but shall be final, effective and enforceable immediately upon issuance hereof. Time is of the essence in the proposed transactions referenced herein, and the Trustee may sell Securities as soon as practicable in accordance with this Stipulation and Order. Therefore, any party objecting to this Stipulation and Order must exercise due diligence in filing a motion to reconsider or reargue or an appeal and pursuing a stay (and posting any bond which may be required by this or any other Court), or risk its motion or appeal being foreclosed as moot.

17. No further orders of this Court are necessary to effectuate the terms set forth herein for transactions or a related series of transactions completed in good faith.

**SO STIPULATED AND AGREED:**

Dated: December 10, 2007

**Frederick J. Grede, chapter 11 trustee for Sentinel Management Group, Inc.**

By: /s/ Vincent E. Lazar
Catherine Steege (ARDC No. 6183529)
Vincent E. Lazar (ARDC No. 6204916)
JENNER & BLOCK, LLP
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

Counsel to the Chapter 11 Trustee

Dated: December 10, 2007

**The Bank of New York**

By: /s/ Brian Trust
Brian Trust (admitted *pro hac vice*)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

-and-

Sean T. Scott (ARDC No. 6273516)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

-and-

Eric M. Reuben
EMMET, MARVIN & MARTIN, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel: (212) 238-3015
Fax: (212) 238-3100

Counsel to The Bank of New York

Dated: December 10, 2007

**Official Committee of Unsecured Creditors
of Sentinel Management Group, Inc.**

By: /s/ Susheel Kirpalani
    Susheel Kirpalani (admitted *pro hac vice*)
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES LLP
    51 Madison Ave., 22nd Floor
    New York, NY 10010
    Telephone: (212) 849-7000
    Telecopier: (212) 849-7100

    - and -

    Mark A. Berkhoff (ARDC No. 06194787)
    Marc I. Fenton (ARDC No. 06180633)
    DLA PIPER US LLP
    203 N. LaSalle, Suite 1900
    Chicago, Illinois 60601
    Telephone: (312) 368-4000
    Telecopier: (312) 236-7516

    *Counsel to the Official Committee of
    Unsecured Creditors*

SO ORDERED this 5th day of December 2007.

                                                                            THE HONORABLE JOHN H. SQUIRES
                                                                             UNITED STATES BANKRUPTCY JUDGE