UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                   :

HENRY SHATKIN, on behalf of himself and all  :
others similarly situated,                            :

            Plaintiff,                       :        07 Civ. 7928 (PAC)

   -against-                             :
                                            :        <u>ORDER</u>
THE BANK OF NEW YORK MELLON         :
CORPORATION and THE BANK OF NEW    :
YORK,                                               :

           Defendants.                     :
                                               :
-----------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

In his First Amended Complaint ("Complaint"), Henry Shatkin ("Plaintiff") brings three New York common law causes of action—negligence, conversion, and breach of fiduciary duty—based on the alleged seizure of assets by Defendants The Bank of New York Mellon Corporation and The Bank of New York (collectively, "BONY") to which Plaintiff and other members of a putative class claim entitlement. Plaintiff seeks to recover the value of those assets on the premise that they were wrongfully pledged as collateral for loans from BONY to Sentinel Management Group, Inc. ("Sentinel"), a registered investment adviser that managed the assets for Plaintiff and other potential class members and has since filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Court"). BONY now moves to dismiss the Complaint in its entirety or, in the alternative, to stay the action pending the outcome of the proceeding in Bankruptcy Court.

According to the Complaint, Sentinel pooled its clients' assets in three segregated custodial accounts at BONY, and also maintained a separate "house" or "street" account. It is alleged that

Sentinel improperly shifted $460 million in client assets from these segregated accounts to its street account, where the assets were used as security for a line of credit. Plaintiff contends that BONY colluded in this scheme because it deliberately disregarded its duties as the custodian of Sentinel clients' assets in an effort to increase the value of its alleged collateral in the street account. In August 2007, with Sentinel on the brink of bankruptcy after a precipitous decline in the credit and bond markets, BONY informed Sentinel that it had seized and was planning to sell at auction the assets pledged as collateral for loans made to Sentinel, allegedly including the now-commingled client assets. Sentinel filed for bankruptcy in the Northern District of Illinois on August 17, 2007. See In re Sentinel Mgmt. Group, Inc., No. 07-B-14987 (Bankr. N.D. Ill.). Plaintiff filed the present lawsuit on September 10, 2007 and amended his Complaint on October 3, 2007.

      BONY filed its motion to dismiss Plaintiff's Complaint, or, in the alternative, stay the action pending the aforementioned bankruptcy proceeding, on February 29, 2008. BONY argued that the Plaintiff's common law causes of action are precluded by N.Y. Uniform Commercial Code § 8-503(e), which forbids suits for the recovery of assets against a bona fide purchaser of those assets. BONY claimed that, according to the allegations in the Complaint, it was a "purchaser" because it took Plaintiff's assets by "pledge, lien, [or] security interest," pursuant to the definitions contained in N.Y. U.C.C. § 1-201(32), (33), as collateral for the letter of credit it extended to Sentinel, a "securities intermediary." In such circumstances, an "entitlement holder," such as Plaintiff, can maintain a suit directly against a purchaser only if the purchaser has acted "in collusion with the securities intermediary." See N.Y. U.C.C. § 8-503(e). BONY claimed that Plaintiff failed to plead any plausible allegation that BONY colluded—i.e., "affirmatively engaged in wrongful conduct," N.Y. U.C.C. § 8-503, cmt. 3—with Sentinel regarding the transfer of the funds from the segregated to the street accounts. Indeed, Plaintiff's Complaint alleges only that BONY, as a "highly sophisticated" provider

of custodial services (Compl. ¶ 26), should have known that Sentinel was improperly commingling client accounts (Compl. ¶ 28); there is no allegation of affirmative wrongdoing.

BONY also argued, in the alternative, that even if the Complaint could somehow be read as adequately alleging collusion for the purposes of Section 8-503(e), this action should be stayed. Section 8-503(d) precludes an action by an entitlement holder against a purchaser until the trustee in a bankruptcy proceeding elects not to file a claim to recover the entitlement holder's asset.

On March 3, 2008, the Trustee appointed in Sentinel's Chapter 11 bankruptcy case commenced an advisory proceeding against BONY. See Grede v. Bank of N.Y., No. 08-AP-00127 (Bankr. N.D. Ill. Mar. 3, 2008). The Trustee's Complaint in that proceeding is based on substantially the same set of facts alleged here by the Plaintiff. The Trustee maintains that BONY breached its obligations under the Commodity Exchange and Investment Advisers Acts by "permitting customer assets to be pledged to secure BONY's loan to Sentinel, by commingling customer assets with Sentinel's own assets, by clearing customer securities transactions through BONY accounts that were not segregated and on a daily basis applying the proceeds of those transactions to Sentinel's loan balance, and by facilitating billions of dollars of repo transactions outside of the segregated account structure." Complaint 11, Grede, No. 08-AP-00127. The Trustee's Complaint also suggests a complete disregard by BONY of glaring facts pointing toward wrongdoing by Sentinel—including opening accounts for which no basis existed and arbitrarily siphoning funds to the street account.

Knowing this, the Court cannot grant Defendants' requested Rule 12(b) relief; the Trustee's claims suggest collusion. Defendants argue that a stay pursuant to N.Y. U.C.C. § 8-503(d) is nonetheless appropriate and warranted: the Trustee in the pending bankruptcy proceeding has elected to bring suit to recover the financial assets transferred between Sentinel's segregated and street accounts, including the very assets at issue here. If the Court had to rule on this argument, it would

hold that the requirements of N.Y. U.C.C. § 8-503(d) (1)-(4) are satisfied.  It is not necessary to do so because it is perfectly clear that a discretionary stay is appropriate as an exercise of the Court's inherent power.  Without doubt, the pending resolution of the bankruptcy proceeding in the Northern District of Illinois will "bear upon the case," Goldstein v. Time Warner N.Y.C. Cable Group, 3 F. Supp. 2d 423, 437-38 (S.D.N.Y. 1998):  Plaintiff, putative class members, and BONY are parties to the bankruptcy proceeding; the Bankruptcy Court will determine whether BONY had a valid, first-priority security interest in and lien upon the assets at issue and how the remainder of Sentinel's assets are to be distributed; and, as a consequence of this proceeding, Plaintiff and the putative class members may be compensated for any injuries allegedly sustained.

In addition, the Court cannot conclude that the balance of convenience or special circumstances warrant giving priority to the present action, which was filed after the bankruptcy proceeding. See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991).  While the adversary proceeding against BONY was initiated on March 3, 2008, BONY has been a participant in the bankruptcy proceeding since its inception on August 17, 2007, one month prior to this action.  Further, the docket sheet for the BONY adversary proceeding reflects that a motion to dismiss has been considered and denied by the Bankruptcy Court, and the parties have already begun the discovery process.  This is considerably more progress than has been accomplished in the case at bar.  Moreover, allowing the New York action to continue apace would raise the risk of inconsistent rulings, complicating the adjudication of creditor claims in the Illinois action.  Thus, both judicial economy and the right of all creditors in the equitable distribution of the Sentinel bankruptcy estate compel the imposition of a stay.

Defendants' request for a stay pending the outcome of the parallel proceeding now pending in the Bankruptcy Court of the Northern District of Illinois is granted.  The stay is without prejudice to Plaintiff's amendment of his Complaint, if and when the stay is dissolved.  Plaintiff may move to

vacate the stay if developments in the Illinois proceeding justify such application. The stay is contingent upon BONY's compliance with its representation in open court at argument of the motion on June 17, 2008, that discovery materials, including documents and depositions in the adversary proceeding in the Northern District of Illinois, will be available to Plaintiff upon the execution of an appropriate confidentiality order. All other relief is denied. The Clerk of the Court is directed to terminate this motion.

Dated: New York, New York
      June 17, 2008

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge